UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case no. 9:19-cv-81024-RNS

LISA YOUMAN,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

_____/

**DEFENDANT'S MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF ITS MOTION TO DISMISS
AND MEMORANDUM OF LAW IN SUPPORT**

COMES NOW, Defendant Wal-Mart Stores, Inc. (now Walmart Inc., hereinafter "Walmart"), by and through its undersigned counsel, and files Defendant's Motion to Stay Discovery Pending Resolution of its Motion to Dismiss and Memorandum of Law in Support and states as follows:

**I.  INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26(c) Walmart hereby moves for an order temporarily staying discovery in this matter until after the resolution of its Motion to Dismiss, filed contemporaneously with the present Motion to Stay Discovery.

The Motion to Dismiss is based on Plaintiff Lisa Youman's ("Plaintiff") failure to adequately plead her claims or demonstrate standing to challenge the Walmart policies and practices of which she complains. Walmart anticipates, if the present Motion to Stay Discovery is not granted, Plaintiff will propound extensive written discovery requests on it, concerning matters that are subject to Walmart's Motion to Dismiss. Because there is a strong likelihood that this

Court will grant that motion in full or in part, the need for discovery may be completely obviated. Ultimately, resolving the legal sufficiency of Plaintiff's claims before proceeding with discovery promotes fairness, efficiency, and judicial economy by ensuring that the parties and the Court avoid unnecessary expenditures of time and resources. As such, Walmart requests that the Court stay discovery until its motion for dismissal of Plaintiff's claims is decided.

## II. LEGAL ARGUMENT

### A. Applicable Standard of Review

As a general rule, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). Unlike other Rule 12(b) motions that turn on issues of fact, a motion to dismiss "always presents a purely legal question." *Id*. Indeed, "there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id*.; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Thus, "neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama*, 123 F.3d at 1367. Because discovery imposes significant demands on both the litigants and the judicial system, resolving the motion to dismiss before discovery begins avoids unnecessary burdens and promotes efficiency. *Id.* at 1367–38. "Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Id.* at 1368.

Staying discovery pending a motion to dismiss is an exercise of the district court's "active role in managing cases on [its] docket," *Chudasama*, 123 F.3d at 1366, and overseeing the discovery process "in a manner that avoids abuse of the process and prejudice to the parties." *Staup*

*v. Wachovia Bank, N.A.*, No. 08-60359-CIV, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (citing *Chudasama*, 123 F.3d at 1366). Thus, where discovery is set to begin before resolution of a motion to dismiss, a temporary stay of discovery pending determination of that motion is appropriate. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Gillier v. Servicios Agecom, LLC*, No. CV 17-23155-CIV, 2017 WL 6994217, at *1 (S.D. Fla. Nov. 27, 2017) (Scola, J.). Although a "stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule," *Ray v. Spirit Airlines, Inc.*, No. 12-61528-CIV, 2012 WL 5471793, at *1 (S.D. Fla. Nov. 9, 2012) (Scola, J.), "[s]uch an exception remains proper where discovery could place an undue burden on the defendant," *Theodore D'Apuzzo, P.A. v. United States*, No. CV 16-62769-CIV, 2017 WL 3098713, at *2 (S.D. Fla. Apr. 11, 2017) (Scola, J.).

In evaluating whether a stay of discovery pending the determination of a motion to dismiss is warranted, courts look at whether there is a strong likelihood that the motion to dismiss will be granted and eliminate the need for discovery, which requires a "preliminary peek" at the merits of the motion. *Ray*, 2012 WL 5471793, at *1. The district court "must also weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Id.* (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997)). A stay that is "neither immoderate nor indefinite, is appropriate in the interest of judicial convenience." *Gillier*, 2017 WL 6994217, at *1 (internal quotation marks omitted).

### B.   Walmart's Motion to Dismiss Is Meritorious

Contemporaneous with the present motion, Walmart has filed its Motion to Dismiss.[1] If that motion is granted in its entirety, there will be no need for discovery. If the motion is granted in part, multiple claims included in the Amended Complaint are subject to dismissal with

---

[1] Walmart incorporates by reference the arguments set forth in its Motion to Dismiss filed on today's date.

prejudice. These deficiencies cannot be cured by amendment of the Complaint. As a result, the issues before this Court will be narrowed substantially, in turn significantly narrowing the scope of discovery for both parties.

      **C.**     **The Burden Of Proceeding With Discovery Outweighs The Potential Harm Of Proceeding With Discovery**

The second half of the Court's inquiry—weighing the potential harms of staying discovery against the burdens of proceeding with discovery—also supports a temporary stay. *See Ray*, 2012 WL 5471793, at *1. However, whether the stay will inflict a hardship on the plaintiff is not the standard for a motion to stay during the pendency of a motion to dismiss. *McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). Neither is whether a contemplated amended pleading can withstand the challenges of a motion to dismiss. *Id.* Instead, a stay of discovery is appropriate where the movant shows "good cause and reasonableness." *Varga v. Palm Beach Capital Management, LLC*, Case No. 09-82398-CIV, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (citing *Bocciolone v. Solowsky,* No. 08-20200, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008).

Here, Walmart has promptly moved to dismiss Plaintiff's claims, and is requesting a stay of discovery prior to the entry of any case management and/or scheduling order or the actual service of written discovery. In determining whether a brief stay of discovery is warranted, a court may consider whether or not a case management and/or scheduling order has been entered yet, and whether the plaintiff will be provided with "ample opportunity to conduct discovery and prepare the case for trial" if the motion to dismiss is denied and the stay is lifted. *See Moore v. Shands Jacksonville Med. Ctr., Inc.*, Case No. 3:009-CV-298-J-34TEM, 2009 WL 4899400, * 2 (M.D. Fla. Dec. 11, 2009) (granting motion to stay discovery where no scheduling order had been entered and the plaintiff would have time to conduct discovery if the case was not dismissed). There are no impending discovery deadlines, and if Walmart's Motion to Dismiss is not granted, this Court

can set a reasonable date by which the Parties may serve written discovery requests, allowing enough time to prepare their cases. Although Plaintiff may prefer to seek discovery soon, where, as here, a motion to dismiss raises meritorious arguments, a defendant's "burden and expense of responding to Plaintiff's discovery requests outweighs any benefit at this stage of the litigation." *Minton v. Jenkins*, No. 5:10CV61/RH/EMT, 2011 WL 2038700, at *2 (N.D. Fla. May 24, 2011). Indeed, having waited more than a decade to seriously pursue her claims, or discovery, Plaintiff can make no meaningful argument that a stay now would affect the accessibility of any of the discoverable facts needed to prove her claims.

In the absence of a stay, if Plaintiff were to seek written discovery, Walmart would incur both internal staffing costs and attorney's fees to respond, only to find that Plaintiff's claims were to be dismissed or significantly narrowed. On the other hand, because Walmart makes its request promptly and prior to the service of any discovery or the setting of discovery deadlines, there will be no prejudice to the progress of the case in the event the request for dismissal is denied. As the Eleventh Circuit has recognized, "as the burdens of allowing a dubious claim to remain in the lawsuit increase, so too does the duty of the district court finally to determine the validity of the claim." *Chudasama*, 123 F.3d at 1368. "Thus, when faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery," or would result in especially burdensome discovery, "the district court should rule on the motion before entering discovery orders, if possible." *Id.* Having met its burden of "good cause and reasonableness," Walmart respectfully requests the Court to enter a brief stay of discovery during the briefing and pendency of its Motion to Dismiss.

### III.  CONCLUSION

For these reasons, Walmart respectfully requests that the Court stay discovery in this case until such time as Walmart's Motion to Dismiss is decided, pursuant to Federal Rules of Civil

Procedure 26(c).

## IV. LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Rule 7.1(a)(3), Local Rules for the Southern District of Florida, defense counsel certifies they have conferred with Plaintiff's counsel in a good faith effort to resolve the issues raised in this Motion. Plaintiff's counsel has indicated they oppose the relief requested in this Motion.

Dated this 12th day of August, 2019

Respectfully submitted,

/s/Scott A. Forman
Scott A. Forman (FL Bar No. 0065950)
Email: SForman@littler.com
LITTLER MENDELSON, P.C.
333 S.E. 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone: 305.400.7511
Facsimile: 305.603.2552

Kimberly J. Doud (FL Bar No. 523771)
Email: KDoud@littler.com
Nancy A. Johnson (FL Bar No. 0597562)
Email: NAJohnson@littler.com
LITTLER MENDELSON, P.C.
111 North Magnolia Avenue, Suite 1250
Orlando, Florida 32801
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

*Attorneys for Defendant Walmart Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that on this 12th day of August, 2019, the foregoing was electronically filed with the Clerk of Court using CM/ECF, and the foregoing document is being served on all counsel of record identified on the attached Service List by operation of the Court's electronic filing system.

/s/ Scott A. Forman
Scott A. Forman

**SERVICE LIST**

**Counsel for Plaintiffs**

Lindsey Wagner, Esq.
LWagner@scottwagnerlaw.com
Cathleen Scott, Esq.
CScott@scottwagnerlaw.com
SCOTT WAGNER AND ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard, Suite 104
Jupiter, FL 33458

Leslie M. Kroeger, Esq.
LKroeger@cohenmilstein.com
Diana L. Martin, Esq.
DMartin@cohenmilstein.com
Theodore Leopold, Esq.
TLeopold@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL, PLLC
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410

Joseph M. Sellers, Esq.
JSellers@cohenmilstein.com
Christine E. Webber, Esq.
CWebber@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Ave NW, Suite 500 West
Washington, DC 20005

FIRMWIDE:165919052.1 080000.1361